UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACUSETTS

| | |
|---|---|
| CHARLINA MITCHELL,<br>    *Plaintiff* | )<br>)<br>) |
| v. | )     CASE NO. 23-cv-13124 |
| REVERE HOUSING AUTHORITY,<br>    *Defendant* | )<br>)<br>) |

**ANSWER OF DEFENDANT TO PLAINTIFF'S VERIFIED COMPLAINT**

**INTRODUCTION**

Responding to the Introduction to the Plaintiff's Verified Complaint ["Complaint"], the Defendant Revere Housing Authority states that the Introduction speaks for itself.

**PARTIES**

1. Answering paragraph 1 of the Complaint, the Defendant admits the first two sentences of said paragraph, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

2. The Defendant admits the allegations of paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. The Defendant admits the allegations of paragraph 3 of the Complaint, and also states that this matter is properly removable to federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

4. The Defendant admits the allegations of paragraph 4 of the Complaint.

5. The Defendant admits the allegations of paragraph 5 of the Complaint, and also states that this matter is properly removable to federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

## PROCEDURAL HISTORY

6. Answering paragraph 6 of the Complaint, the Defendant admits that the notice referenced therein was sent to the Plaintiff, is without knowledge or information sufficient to form a belief as to whether the notice was received, and states further that the Plaintiff did not respond to said notice or similar notices previously sent to her.

7. Answering paragraph 7 of the Complaint, the Defendant states that the notice referenced therein speaks for itself.

8. The Defendant admits the allegations of paragraph 8 of the Complaint, and states that the letter referenced therein speaks for itself.

9. Answering paragraph 9 of the Complaint, the Defendant admits that the Plaintiff sent certain "certification paperwork" to the Defendant, which paperwork was determined by the Defendant to be incomplete.

10. Answering paragraph 10 of the Complaint, the Defendant admits that Ms. Gonzalez sent the email in question on or about July 6, 2023, the content of which speaks for itself.

11. The Defendant admits the allegations of paragraph 11 of the Complaint.

12. The Defendant admits the allegations of paragraph 12 of the Complaint.

13. The Defendant admits the allegations of paragraph 13 of the Complaint.

14. The Defendant admits the allegations of paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, the Defendant states that the Administrative Plan referenced therein does not apply to the circumstances of the Plaintiff's informal hearing, and otherwise admits that the hearing was not recorded. Answering further, the Defendant states that the Section 8 Housing Voucher Program is a federal program, organized and administered in

accordance with federal regulations promulgated by the U.S. Department of Housing and Urban Development, not by the Massachusetts Department of Housing and Community Development.

16. The Defendant admits the allegations of paragraph 16 of the Complaint.

17. The Defendant admits the allegations of paragraph 17 of the Complaint.

18. The Defendant admits the allegations of paragraph 18 of the Complaint, but is without knowledge or information sufficient to form a belief as to why the Plaintiff states that it is "difficult to determine what documents were made part of the record of the hearing."

19. The Defendant admits the allegations of paragraph 19 of the Complaint.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

## STATEMENT OF FACTS

### Ms. Mitchell's Household

22. Answering paragraph 22 of the Complaint, the Defendant admits that the Plaintiff has been a participant in the Voucher Program for some time prior to 2023, but is without knowledge or information sufficient to form a belief as to when exactly she first became a participant in the Program.

23. Answering paragraph 23 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to when the Plaintiff began living at 620 River Street, and otherwise admits the remaining allegations of said paragraph.

Disability and Request for Reasonable Accommodation

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. Answering paragraph 26 of the Complaint, the Defendant admits receiving the letter from Dr. Ferzoco referenced therein, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, the Defendant admits that the quotations contained therein are all excerpts from the various notes, letters, and documents referenced therein, and denies that the Plaintiff "provided information that formed the basis for a request of reasonable accommodation."

31. The Defendant denies the allegations of paragraph 31 of the Complaint.

32. Answering paragraph 32 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the Plaintiff's various medical and mental health issues, and denies that the Plaintiff "requested and continues to request reasonable accommodation".

33. Answering paragraph 33 of the Complaint, the Defendant admits the second sentence of said paragraph, and denies the remaining allegations of said paragraph.

34. Answering paragraph 34 of the Complaint, the Defendant admits receiving the email referenced therein, the content of which speaks for itself.

35. Answering paragraph 35 of the Complaint, the Defendant states that the content of the decision referenced therein speaks for itself.

Communication Issues

36. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37. Answering paragraph 37 of the Complaint, the Defendant denies the first sentence of said paragraph, admits receiving the email referenced therein, the content of which speaks for itself,, and admits receiving from the Plaintiff her brother's phone number, which was used on several occasions to attempt to reach the Plaintiff, without success.

38. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

Eviction

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

## LEGAL FRAMEWORK

42. Answering paragraph 42 of the Complaint, the Defendant states that the statute referenced therein speaks for itself.

43. The Defendant admits the allegations of paragraph 43 of the Complaint.

44. The Defendant admits the allegations of paragraph 44 of the Complaint.

45. Answering paragraph 45 of the Complaint, the Defendant states that the regulations referenced therein speak for themselves.

46. Answering paragraph 46 of the Complaint, the Defendant states that the regulation referenced therein speaks for itself.

47. Answering paragraph 47 of the Complaint, the Defendant states that the regulations, statutes, Articles, and Plans referenced therein speak for themselves.

48. Answering paragraph 48 of the Complaint, the Defendant states that the regulation referenced therein speaks for itself.

49. Answering paragraph 49 of the Complaint, the Defendant states that the Administrative Plan referenced therein speaks for itself, but denies that it applies to the Section 8 Housing Voucher Program that is the subject of this action.

50. Answering paragraph 50 of the Complaint, the Defendant states that the Administrative Plan referenced therein speaks for itself, but denies that it applies to the Section 8 Housing Voucher Program that is the subject of this action.

51. Answering paragraph 51 of the Complaint, the Defendant states that the cases referenced therein contain the excerpts quoted from them in said paragraph, and denies any implication in said paragraph that the hearing officer did not fulfill her legal obligations.

52. Answering paragraph 52 of the Complaint, the Defendant admits that the quoted language is contained in the regulation referenced therein.

53. Answering paragraph 53 of the Complaint, the Defendant states that the Standing Order referenced therein contains no requirement that public housing authority informal hearings must be recorded, and denies that any such requirement is "presumed" in said Standing Order.

54. Answering paragraph 54 of the Complaint, the Defendant admits that the quoted language is contained in the case decision cited therein.

55. Answering paragraph 55 of the Complaint, the Defendant states that the statement of law contained therein is an inaccurate statement of the holding of the case decision referenced therein, and otherwise denies the remaining allegations of said paragraph.

56. Answering paragraph 56, the Defendant states that the content of the regulation referenced there speaks for itself.

57. Answering paragraph 57, the Defendant states that the content of the regulation referenced there speaks for itself.

58. Answering paragraph 58, the Defendant states that the content of the regulation referenced there speaks for itself.

59. Answering paragraph 59, the Defendant states that the content of the regulation referenced there speaks for itself.

**LEGAL CLAIMS**

<u>COUNT I:</u>
<u>DISCRIMINATION AND REASONABLE ACCOMMODATION</u>
<u>UNDER M.G.L. C. 151B, § 4</u>

60. The Defendant denies the allegations of paragraph 60 of the Complaint.

61. The Defendant denies the allegations of paragraph 61 of the Complaint.

62. The Defendant denies the allegations of paragraph 62 of the Complaint.

63. Answering paragraph 63, the Defendant states that the content of the statute referenced therein speaks for itself.

## COUNT II
## CERTIORARI UNDER M.G.L. C. 249, § 4

64. The Defendant admits the allegations of paragraph 64 of the Complaint.

65. The Defendant denies the allegations of paragraph 65 of the Complaint.

66. The Defendant denies the allegations of paragraph 66 of the Complaint.

67. The Defendant denies the allegations of paragraph 67 of the Complaint.

68. The Defendant denies the allegations of paragraph 68 of the Complaint.

## COUNT III
## DEPRIVATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

69. The Defendant admits the allegations of paragraph 69 of the Complaint.

70. The Defendant denies the allegations of paragraph 70 of the Complaint.

71. The Defendant denies the allegations of paragraph 71 of the Complaint.

72. The Defendant denies the allegations of paragraph 72 of the Complaint.

73. The Defendant denies the allegations of paragraph 73 of the Complaint.

74. The Defendant denies the allegations of paragraph 74 of the Complaint.

## COUNT IV
## DISCRIMINATION UNDER 42 U.S.C. § 3604

75. The Defendant denies the allegations of paragraph 75 of the Complaint.

76. The Defendant denies the allegations of paragraph 76 of the Complaint.

77. The Defendant denies the allegations of paragraph 77 of the Complaint.

**PRAYERS FOR RELIEF**

78. The Defendant denies the allegations of paragraph 78 of the Complaint.

79. The Defendant denies the allegations of paragraph 79 of the Complaint.

80. The Defendant denies the allegations of paragraph 80 of the Complaint.

81. The Defendant denies the allegations of paragraph 81 of the Complaint.

82. The Defendant denies the allegations of paragraph 82 of the Complaint.

WHEREFORE, the Defendant demands judgment:

A.  Dismissing the Plaintiff's Complaint with prejudice;

B.  Awarding the Defendant its costs incurred in defending the action, including a reasonable attorney's fee; and

C.  For such other and further relief as the Court deems meet and just.

>Defendant,
>
>REVERE HOUSING AUTHORITY,
>By its Attorney,
>
>/s/ John Egan
>_____
>John Egan, Esquire BBO # 151670
>Rubin and Rudman LLP
>53 State Street
>Boston, MA 02109
>Tel:  (617) 330-7181
>jegan@rubinrudman.com

Date:  January 11, 2024

## CERTIFICATE OF SERVICE

I, John Egan, hereby certify that on the 11th day of January, 2024, I caused a copy of this Answer to be served electronically on:  ***Alan Minuskin, Supervising Attorney, Boston College Legal Services, Boston College Law School, 885 Centre Street, Newton Center, MA 02459, minuskin@bc.edu*** and ***Sophia Bonadeo (SJC Rule 3:03), Boston College Legal Services LAB, 885 Centre Street, Newton, MA 02459, bonadeo@bc.edu***

    /s/ John Egan
John Egan