UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACUSETTS

| | |
|---|---|
| CHARLINA MITCHELL,<br>    *Plaintiff* | )<br>)<br>) |
| v. | )    **C.A.No. 1:23-cv-13124-MJJ** |
| REVERE HOUSING AUTHORITY,<br>    *Defendant* | )<br>)<br>) |

**DEFENDANT REVERE HOUSING AUTHORITY'S**
**STATUS REPORT RE JURISDICTIONAL ISSUE**

The Court has asked the parties to opine on the issue of whether this Court retains jurisdiction of the Plaintiff's state law *certiorari* claim in Count II of the Complaint, given that *Mass. Gen. Laws,* ch. 249, § 4, might be read to vest jurisdiction exclusively in a Massachusetts Superior Court. After reviewing recent case law from the First Circuit Court of Appeals, counsel for the Defendant Revere Housing Authority respectfully suggests that the issue might be better framed from a different perspective, addressed below. Moreover, the presence in the Complaint of a claim for "discrimination" under 42 U.S.C. § 3604 (the Fair Housing Act) might create a separate basis for the Court's retention of jurisdiction that would supersede whatever concerns the Court has about ch. 249, § 4.

First, the Defendant is aware of the recent First Circuit case of *Lambert v. Fiorentini,* 949 F.3d 22 (1st Cir. 2020), which addresses some of the issues involved here. In *Lambert,* a retired police officer sued officials from his former municipal employer in Superior Court for denying his request for issuance of an identification card that would have permitted him to carry a concealed firearm under the federal Law Enforcement Officers Safety Act. *Id.,* 949 F.3d at 25. The

Complaint contained a *certiorari* count under chapter 249, and a procedural due process count under 42 U.S.C. § 1983.[1]  The defendants removed the case to federal court and obtained judgment after the District Court granted their motion for judgment on the pleadings.  On appeal, the First Circuit dismissed the section 1983 procedural due process claim on the grounds that there was no showing that the plaintiff's state court due process remedies under ch. 249 were constitutionally inadequate: "A procedural due process claim [under section 1983] that does not 'allege the unavailability of constitutionally-adequate remedies under state law' fails."  *Id.,* 949 F.3d at 28.[2]  As the section 1983 claim was the only basis for subject matter jurisdiction in federal court, the dismissal of that count resulted in the entire case being dismissed for want of jurisdiction.  The section 1983 count was dismissed with prejudice, but the state court *certiorari* claim was dismissed without prejudice – presumably so the matter could be re-filed in (or remanded to) state court, where the plaintiff's due process claims could be adjudicated on the merits.  *Id.,* 949 F.3d at 30.

The question posed by the Court in the present case raised a slightly different issue.  The question was not whether the Plaintiff's section 1983 claim should be dismissed because of the existence of an adequate state court remedy (as was the case in *Lambert*), but whether the state court remedy should be dismissed (or stayed or severed) because of a Superior Court jurisdictional provision in the *certiorari* statute.  Regardless of precisely how that cluster of issues is framed, the Defendant would have to concede that the fact that this Plaintiff has actually pleaded a cause of action under ch. 249, and that there is no showing that the state court remedy would be

---

[1]  The Complaint also contained state law claims for negligence and "equity" which are inapplicable to the present action.

[2]  A substantive due process claim was dismissed on the grounds that the denial of the plaintiff's request for the identification card in question was not "egregiously unacceptable, outrageous, or conscience-shocking".  That holding would also appear not to be relevant to the claims asserted in the present Complaint.  *Id.,* 949 F.3d at 28-29.

constitutionally inadequate, would then require the section 1983 count to be dismissed.  If the section 1983 count were the only basis for federal subject matter jurisdiction in this Plaintiff's Complaint, then it would appear that the entire case should then be dismissed (or remanded) for want of jurisdiction.  But a close reading of the Complaint discloses another basis for federal jurisdiction.  Count IV of the Complaint alleges "Discrimination Under 42 U.S.C. § 3604" – *i.e.,* the Fair Housing Act – and the allegations contained in that count, read indulgently, appear to allege both procedural and substantive deficiencies in the Revere Housing Authority's hearing officer's decision, affirming the termination of the Plaintiff's Section 8 housing voucher.  *See* Complaint, ¶¶ 75-77.

If the Plaintiff's section 3604 claim is construed to allege procedural due process deficiencies exclusively, then it is effectively indistinguishable from her section 1983 claim, and the case should probably be remanded to the Housing Court for lack of jurisdiction.  But if Count IV is read more broadly to allege substantive discrimination under the Housing Act, then that claim, at least insofar as this action seeks judicial review of the affirmance of the underlying termination decision, might properly be adjudicated in this Court.  As this Defendant is reluctant to assign its own construction to the allegations contained in the Plaintiff's Complaint, especially those contained in Count IV, it cannot say whether those allegations are sufficient to vest subject matter jurisdiction in this Court.  It should be for the Plaintiff to declare whether the claims set forth in Count IV are sufficient (or insufficient) to do so.

        Respectfully submitted,

        Defendant,

        REVERE HOUSING AUTHORITY,
        By its Attorney,

        /s/ John Egan

        John Egan, Esquire BBO # 151670
        Rubin and Rudman LLP
        53 State Street
        Boston, MA 02109
        Tel:  (617) 330-7181
        jegan@rubinrudman.com

Date:  February 15, 2024

4

## **CERTIFICATE OF SERVICE**

I, John Egan, hereby certify that on the 15th day of February, 2024, I caused a copy of this Status Report to be served electronically on: ***Alan Minuskin, Supervising Attorney, Boston College Legal Services, Boston College Law School, 885 Centre Street, Newton Center, MA 02459, minuskin@bc.edu, Sophia Bonadeo (SJC Rule 3:03), Boston College Legal Services LAB, 885 Centre Street, Newton, MA 02459, bonadeo@bc.edu,*** and ***Ed Rice, 45 Pierce Street, Malden, MA 02148, Ed@EdRiceLaw.com.***

    /s/ John Egan  
    John Egan